The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable of the United States Court of Appeals for the Fourth Circuit are admonished to draw an eye and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. All right, please be seated. Good morning. We will begin our morning with United States v. Hoover and Judge Motz will be participating with us remotely. And we will try to pause whenever she has a question that she wishes to pose. So, Mr. Burgess, pleased to hear from you. Thank you, Judge Wilkinson. May it please the Court. The District Court erred in its interpretation of 2G 2.1b2a. That provision was interpreted by the District Court to apply to sexual contact or rather masturbation by the victim. 2G 2.1b2a increases the offense level by two when there is sexual contact. This is an issue of first impression in the Fourth Circuit. It was avoided in Skinner where in Skinner the victim and the defendant were masturbating and the Court said, well, certainly we will count the... Was that a two-level enhancement? Two-level, yes, Your Honor, two levels. The government claims that even if, assuming that you're right, the offense level for your client was above the maximum, 47 or whatever, when the maximum... I mean, the offense level for your client crashed through the ceiling. This is correct. And that even if a two-level enhancement were purely for purposes of argument to be found impermissible, what difference would that make? Well, Your Honor, this case could go on for a long time and there could be things down the road where law changes and having not had this correction to what I think is a clear error here would potentially affect that. And then setting that aside, Your Honor, I think that this is a question that needs to be answered by the Court so that the District Courts know what to do. And the issue was not squarely before the Court in Skinner, but it is now. And let me say why I believe it's error is because it would violate the absurd result rule of statutory construction. Because if the victim's masturbation, which is the element of the crime itself, counts as sexual contact, that means every time you have one of these cases with masturbation as the sexually explicit conduct, instead of it being a 32-based offense level, it's going to be a 34 because it's always in there. So you're never going to get around the fact that if someone is convicted or charged with sexually explicit conduct in the form of masturbation, that this two-level increase is going to be there, and that's absurd. In sentencing, you can consider a broad array of information, and you concentrate on the two individuals, but there were eight victims here. There were the two that testified, and then there were six other victims. And the relevant conduct here for the six other child victims involved a host of additional sexual acts and sexual contacts for these six other victims. And so even if you're correct on the two, and I'm not sure you are, there are six other people that you have to take into account. Your Honor, I do not believe those six other people in terms of the relevant conduct, that's relevant conduct. This applies to the offense conduct, which is the production of the child pornography. That relevant conduct is taken into account for purposes of sentencing there, but I do not believe that that is applicable to the offense conduct, which is what's at issue here. Well, could we go back to Judge Wilkinson's original line of questioning? What difference does this make, if we should hold for you, to your client's sentence? Well, at this time, Your Honor, perhaps none. But further down the road, we don't know. No, no, no. Not as not an answer to my question. I said, what difference does it make? Not does it make any difference, but what difference does it make? And the answer is none. That would be a fair conclusion, yes. Given how far over the top he is. Well, then I just really don't see how we would be interested in deciding that issue. It's not going to make any difference to the sentence. Well, Your Honor, I understand that part, but there's district courts down there all the time, and they need guidance on this issue. Because in Skinner, it was avoided. And if what I'm saying is correct, and I believe that it is, this could lead to other problems in other cases. For example, you have a sexually explicit conduct in the form of sexual intercourse. That is sexual contact between the victim. So you get another two there. Either the base offense level is 32. These interpretations that move it up to 34. I understand, but I asked you what difference it would make for your client. You quite forthrightly said none. Well, I think, Your Honor, given that he is five over, it is an issue there. But here we are, and we're talking about it, so. When you say it's an issue, how do you mean that? It's like an abstract issue, isn't it? Well, this is an issue of statutory construction. Well, I understand it is, and it might make a difference for somebody else. And typically, federal courts get involved in cases where the outcome makes a difference in people's lives, don't they? Well, it certainly could make a difference in someone's life. Maybe not in this case right now, but later down the line, it could. Well, okay. Thank you. And then the other issue is the allowing Rule 414 evidence in in a case where one of the victims was a child, as defined under 414, which is under the age of 14. And the other victim was not under the age of 14. And the judge gave the instruction that that evidence could be considered for purposes of determining whether the person did it, as opposed to 404B, where it's for some other reasons. And here in this case, the jury, with regard to the charges involving AP, heard this testimony and was told you can consider this for determining whether he committed the offense charged in the indictment. And I contend that should not have happened because that evidence was not admissible in his case, at least not as propensity evidence. And that is what happened. Now, that could make a big difference there if the court were to find that that was the case. Could you move that microphone closer to you? Yes, I can. I'm sorry. I didn't want to be hitting you. Speak up if you wouldn't. Yes, Your Honor. Well, that issue. Now, you've raised so many issues, it's hard to keep track of them all. What issue are you on now? As I said, this is the 414. You're on the 404. No, no. 414. Rule 414. Well, it would be admissible under 404, wouldn't it, to show propensity, motive, lack of accident, that sort of thing? Yes, Your Honor. Did he instruct the jury about that at some point? I thought it was only the 414 instruction because there was no evidence explicitly admitted under 404B. So the court didn't do that, as I recall it. Now, maybe someone can correct me on that. And then the third issue, I believe, that needs attention is the admission of the search terms, which in the government's brief, they concede that they're at least a year and a half old as to one of the victims and two and a half years old as to the other victim. They contend that's too remote in time. And furthermore, while that evidence might have been intrinsic to the counts for the production of child pornography, they would have been extrinsic to the count for the possession of child pornography. And I cited one case in the brief. I believe it's Rodriguez holding that while something can be intrinsic to one count, it can be extrinsic to another. Well, it's all part of, you say it can't be that need not be extrinsic to another, but it's all part of the same pattern of conduct, the same scheme, the same type of offense. I don't know why it wouldn't be both a product of a part of relevant conduct during sentencing and also in the course of the trial. I'm not sure why it wouldn't be intrinsic and necessary to complete the story of this individual's pattern of possession and production of a child pornography. Why wouldn't it? It's all a continuous river, if you will, involving the same type of conduct, the same unfortunate, the same age or relatively of the unfortunate minor victims. And I realize you try to split it up with severance of counts and this and that, but it seems to me more continuous than that, because all of them, they all involve essentially the same offense, which is the production, possession and production of these of child pornography and the production of the production of the films. So I don't understand why it is, why there isn't a degree of interrelationship here that justified what the district court did both at the trial and during the sentencing. Well, you're right. In the brief, I cite the case of Seabolt. And in that case, I mean, you're trying to split this into different pieces. You want a severance of counts, but you didn't mention that. And you say, well, this might be intrinsic for this, but it wouldn't be intrinsic for that. And so you're trying to split it all up. And my reaction to that is this doesn't sort of split into little pieces all that easily because we're seeing victims in the same set of circumstances. And we're saying seeing the commission of similar crimes and the carrying out of a similar pattern of contacts. So it seemed to me that the district court was entitled both for trial and sentencing purposes of seeing this as a whole and not as just little disconnected fragments. Well, the issue that we're raising, Your Honor, is not in regard to the sentence. I'm talking about whether the evidence was admissible as intrinsic to the production counts. We contend it's extrinsic. And consequently, the court should have given a 404B instruction similarly to the first issue that I was discussing, which is where, well, actually the second issue. But that's how it falls out. I mean, you've got the evidence here and evidence there. You've got different rules. And that's our contention. So would this issue be subject to plain error review? Yes. Yes, Your Honor. So can I ask you about what I thought would be your strongest argument? And obviously, you know the case better than I do, so you can tell me why you haven't raised it. But there's an 80-year sentence here, right? Yes. Did you make an argument that that is substantively unreasonable? Not procedurally unreasonable, but substantively unreasonable? No, Your Honor, because after reviewing the case … I mean, we typically see, and excuse me, I can speak to this more clearly than I can, terrible crimes which get 15, 20, 25-year sentences, 80 years. This is terrible what this man did, but how old is he now? He's probably about 51 or 52, and I think he was 49 at the time. Okay, so if he had gotten a 30- or 40-year sentence, he probably would have taken him into his old age. But you make no argument that it's substantively unreasonable, right? Judge Wilkinson, may I continue? I'm over my time. Well, sure. Well, frankly, no, Your Honor, and the reason I did that was after reading the case law, I didn't think that given the number of months that people have gotten and the court has rejected that argument. Now, I would certainly … Well, I personally, in what, 25 years I've done this, have never seen an 80-year sentence on anything. So, you know, maybe there are a ream of cases that are there. Not that it makes a big difference. I believe it was 70, it was 840 months, and I would certainly love to brief the court on that if that's what you're asking me to do. I would love to do that. No, no, no. I just was curious why you didn't brief the court. You thought that was in the court's discretion? Yes. Okay. Frankly. Thank you. Okay. Having looked at all the other cases, yes, and perhaps I … Anyway, thank you for hearing me. All right. We thank you. Thank you. Mr. Enright. So, Mr. Enright, did the court give a 404 instruction at any time in this case? The court did not give a 404 instruction. The defendant did not object to any evidence under Rule 404. In fact, we gave notice that there was potentially 404B evidence, asked the court to consider some of it as not 404B but intrinsic to the charge defense. And even after that discussion, the defense said, I'm arguing only I'm going to challenge some of it on the basis of relevance and prejudice, but not 404B. And none of the evidence that we introduced was evidence that the court found to be subject to 404B. It was evidence that the court admitted some as intrinsic to the offense and, therefore, not regulated by 404B and some under Rule 414. And the admission of … So, with respect to the 404 evidence, your position is that there was no objection. Therefore, it's subject to plain error review. Correct. And, therefore, we look at it a little more liberally as to whether it's extrinsic or extrinsic. And if we don't find clear error, then we don't reverse. Yes, that's absolutely true. But there's also another dimension to it, Your Honor. I heard my friend say that what was improper about the search term evidence was that the court should have given a limiting instruction. But the court is only obligated to give a limiting instruction when it's requested by one of the parties. Since it wasn't requested by one of the parties, the court wasn't obligated to do so under Rule 105. So there wouldn't be any error in failing to give that in the first place. If there were, that would be subject to the plain error standard, and it wouldn't meet that standard. So that's another dimension, too. You have to ask for a limiting instruction if you want one. Thank you. I know there's a number of issues here. I'll focus on, in addition to what we've talked about, on the ones that Your Honor has discussed with my friend, if that's okay. And the rest, I'll answer any questions about any of them. But we have addressed them in our brief. I will discuss briefly, go back to the search terms. Those search terms the court properly did admit as intrinsic evidence because they complete the story of how Hoover used his phone to obtain a particular kind of image, which is that of boys masturbating. He was searching for images of boys masturbating and then made those images and then said, well, I don't know if you can establish that my purpose was to create a visual depiction of this. That was his argument, a closing argument. Well, this is highly relevant to that and part of the same story. It shows that was his purpose, specifically to obtain images, visual depictions. So I think it was properly intrinsic. It easily meets the 404B standard, too, because it speaks so powerfully, too. Are you also contending that that's intrinsic? I'm contending it's intrinsic. I mean, most of these arguments, a lot of these 404B arguments are made in the alternative. Yes, Your Honor, that was the argument we made below. And you think it's relevant to knowledge and intent with respect to why he was filming and collecting the child pornography, but generally these 404B arguments are always, or not invariably, but are often backed up by this and in any event, this is intrinsic. So tell us why in addition you think that it's intrinsic. Well, it's intrinsic because I think intrinsic evidence is that which completes the story of the crime or the testimony. And here it completes the story of him using his phone to obtain images of child pornography. It was a part of a pattern of doing that. And it was found by the same witness, so it completes that witness's story, too, of what he found on this phone. Not only did he find the child pornography that Hoover made, but he also found these search terms for very similar images. These are far from unrelated. He was searching for images of boys masturbating, selfies of boys masturbating, and then he pressured these children into masturbating and filmed them on one of the boys more than once. So that is intrinsic as part of the story. Certainly if it's not intrinsic because it's so highly probative of permitted uses, purpose, and in terms of the production count and intentional possession of child pornography in terms of the possession count, it also qualifies under 404B. And it doesn't come close to establishing a plain error either under the prong that requires a clear obvious error or under the prong that requires a reasonable probability of a different result because the evidence is overwhelming, including the testimony of both victims and the conduct, the fact that he manipulated these images and these photos afterwards focused really specifically on the genitals of the victims and got the same type of video over and over. That shows this was really important. The visual depiction itself was very important to the defendant, and that evidence I think this court can say easily with fair assurance, even if we were not talking about the plain error standard, that the verdict would have changed. Most of these cases, it seems, many of these cases, it seems to me that you don't need to go all the way to exclusion but allow the evidence to come in and say it's a jury matter to decide what weight to give it. That's exactly right, Your Honor, and that's a point I think that's relevant to my friend's point about the timing. Certainly it's an argument for the jury, hey, these search terms could have been two or three years earlier, but that's not a reason for exclusion. I think he objected that these were too remote in time, did he not? He did on prejudice grounds. And when this court has looked at 103 Prejudice, it's upheld in child exploitation cases. For example, Mason— But the remoteness in time— Is a question of weight. It can be a question of weight rather than admissibility. That's all I'm suggesting. Absolutely, Your Honor, and this court has upheld in Kelly, 510, Fed 3rd, 433, prior sex offenses, evidence of prior convictions that were 22 years old when compared to the current offense. And then in Mason, which is the case we cited, convictions that were 12 years earlier. So that strongly suggests that unless you're talking about a really significant amount of time or a really unrelated thing, you're going to be talking about a question of weight. The jury gets to decide how to weigh that evidence and to decide whether, well, maybe they're unrelated because they're so far away, but that's for the jury to decide. It's not a question of admissibility. In terms of 414, I just want to point out, because it's a rule that doesn't come up super often on appeal, at least in my experience, but the court got Rule 414 exactly right. Both counts, the count involving MC and the count involving AP, both involved an accusation of child molestation. Child molestation is defined as several things, one of which is any conduct prohibited under Chapter 110, which includes the production offenses and the child molestation. Are you talking about a severance motion at this point? Well, he never made a severance motion, but he's argued on appeal for the first time, I believe, that the evidence of MC's, the evidence about which MC testified that he molested him, shouldn't have been admitted as evidence under Rule 414 against AP. And my contention is it was entirely proper to admit that evidence even against AP, or even against Hoover in the charge involving AP, because that charge is an accusation of child molestation, which is the term of art 414 uses, because it was an offense under Chapter 110. What is the severance argument? Is it that some of these counts involved simply the collection of child pornography and that others involved filming and that the simply possession counts should be severed from the filming counts? Honestly, Your Honor, I don't know or understand it myself. The defense never made a severance motion before the district court. It's all on plain error here. Correct. And particularly with a severance motion, you've got to tell the district court well before trial that you want to sever it, not let the trial be completed with all the effort that that's involved. And then after the fact, when things don't turn out well, you say, well, they should have been severed. That's exactly right, Your Honor. And, I mean, I think it's telling that there's really no evidence that wouldn't be admissible on all of the counts here. I don't understand the severance. I don't understand what the basis of severing this was. I can only, I mean, I think it's probably a question better directed to my friend, but if I understood his complaint was, you know, severance would solve the problem of having evidence about MC's reports of Hoover's sexual abuse being used against AP. But, A, that evidence was properly admitted with respect to the count involving AP under Federal Rule of Evidence 414, which explicitly permits it. It does not require that the victim of your Chapter 110 offense be a child, which is a person under the age of 14 under the rule. That requirement does not attach to that particular clause, which involves any offense under Chapter 110. And the second would be that if there were such an issue, it would be something that the defense would have the opportunity to seek a limiting instruction on, and the defense never asked for a limiting instruction. So the Court didn't do anything wrong here under any of those standards, and it certainly wouldn't meet the plain error standard. I see that the appellant here has raised an objection and said that the AR and MC should not have been allowed to testify, and my immediate reaction is, well, why shouldn't they be if they wanted to testify? The idea of the victims, it's the most relevant evidence. But I also thought it must have taken a bit of courage for these two young men to come forward and take the stand and to relive something like that, something as traumatic as what had happened to them. And the first obligation we have is to make sure that Mr. Hoover had a fair trial, but it also seems to me that in addition to the trauma that the sexual abuse inflicted, plus the reliving of that trauma during the trial proceedings, you don't want to just casually put these two young men through the wringer for a third time.  In addition to the offense itself and the original trial, and then to make these two young men relive the trauma yet once more in trial or sentencing, it seems rather a harsh thing to do. I think that's absolutely right, Your Honor, and I also take your point as absolutely 100% correct that it's important that Mr. Hoover receive a fair trial, and here he did. This evidence of both victims' testimony, the court carefully considered it in advance of the trial and decided that it was admissible appropriately against both on all counts. And the defense had a fair opportunity to seek limiting instructions and did not do so, had a fair opportunity to object and did not do so, and frankly, I think the district court's rulings were correct on all of this. I think they're fairly straightforward applications of the rules. So I think it was appropriate to allow them to testify. I think I agree. I think it was courageous that they did, and I think Hoover also received a fair trial that was appropriate, and it was appropriate that they testified on all these counts. I want to turn to… Assuming all that is true, and this is absolutely abhorrent crimes. I mean it sort of turns your stomach to read about it. Talk to me about this sentence, which seems 70 years, and I take Judge Kibbe's correction to heart. It's 800 and some months, but 70 years. That seems like a very long time. It is a very long time, Your Honor, absolutely, and these are very horrendous crimes. Is it a mandatory sentence of some sort? It is not a mandatory sentence. It is, however, a guideline sentence. It is a sentence that the guidelines recommend, and they would have recommended a higher sentence if the statutory maximum allowed it. So if the defendant had raised a substantive reasonableness challenge, two things would have happened. It would have, one, been presumed reasonable, and, second, I would have given this court a variety of cases where other larger sentences have been affirmed as substantive reasonableness. On these kinds of facts, on this crime? On these kinds of crimes, Your Honor, yes. I mean, the conduct here, the reasonableness of the sentence includes not only the charged convictions, but, of course, the relevant conduct and, of course, his history and characteristics. Absolutely, but, in other words, not physical harm crimes. Well, these are physical harm crimes, Your Honor. Well, okay, let me be a little more clear. Not crimes that involve a gun or another weapon? No, Your Honor, I'm very confident that there are comparable sentences for people who have performed hands-on molestation of multiple young children, but without a gun, that would be comparable. I don't have the cases because this issue wasn't raised, and I apologize for that. But I would be truly gobsmacked if I couldn't give this court a very decent number. I could probably cite a couple cases where I've sentenced people. This fellow could not get a life sentence because all the sentences called for a term of years, so you could not give him a life, but essentially that's what the judge wanted to do here was to give him life, and the way he did that was by running them all consecutive to each other. He could have run them concurrently and given this fellow, I don't know, 40 years, something like that. True, and that would have been a downward variant sentence because the guidelines recommended the 840 months he received. But I think the court appropriately and reasonably and within its discretion took into account the fact that he was molesting a child repeatedly from the ages of 4 to 7, putting his hands on this child's genitals, a young child, and 6 other children, 7 other children, filming them repeatedly, pressuring them to engage in sexual acts to do this, and he was in a position of trust over these children. Counsel, I am not an advocate for him. It's a terrible crime. I understand, Your Honor. But I do think all of that is relevant to the... But this is up here on plain error, is it not? Beyond that, Your Honor, since the defendant... Substantive reasonableness? Substantive reasonableness hasn't been raised. It wasn't raised at all in the opening brief or at any time. One of the questions, you know, you have when you have a substantive reasonableness and procedural reasonableness that they're not totally divorced, and did the district court give this individual a fair chance to present his arguments for a downward departure, which I think would be an aspect of procedural reasonableness. Very much so, Your Honor. The court gave... Could you tell me about what arguments he made for a downward departure and why those were rejected? Yes, Your Honor. He made three arguments. He said the sentencing guidelines for child pornography cases as a general matter are unduly harsh. His history and characteristics included some military service and justify a substantial downward variance. And he had hired a psychiatrist who said he was only a medium risk for recidivism but noted some other factors such as his failure to accept responsibility and attempt to minimize the conduct. And he said those warranted a downward variance. And the court went through each one of those and rejected them and said, listen, I don't believe that the sentencing guidelines... I'm aware of the policy arguments against the sentencing guidelines, and I think they're just fine in this case. So just to make clear, this is a case in which the defendant sought a variance and not a departure. That's correct, Your Honor. He sought a downward variance and not a departure. And the court went through each of these reasons, explained its reasoning, and rejected them and did so reasonably. He said, I don't believe the guidelines are unduly harsh. I don't believe the sentencing commission believes that. I don't believe the public believes that. And I don't believe that. I sort of sense that the defendant is making a point that the observation by the district court that the people he talks to don't care too much about giving long sentences in child pornography cases, does that cause the defendant any legal prejudice? No, Your Honor. And, in fact, I think it's an appropriate thing to do. The court made that comment in the context of saying, I don't think the public perceives that people are receiving too high sentences for child pornography cases. And that's an entirely fair observation because part of the court's obligation, the district court's obligation when explaining his sentence, is to promote the public perception of fair sentencing. So when the court says, you know, I don't think this is a sentence that ordinary people, that the public, are going to perceive as too high, that's a very fair comment. He also made unmistakably clear that it was his own belief that the sentencing guidelines were not too unduly harsh, which I think. But if he had thought the guidelines were overly harsh, that would be one of the grounds he could use to vary. Yes, and Judge Bell is well aware of that. I think he said that on the record. But he said, in this case, there's absolutely no grounds for a variance. He said the same thing about his history and characteristics. It's commendable that you served in the military. I understand you may have some argument that you have PTSD, although he questioned that. But he said, in any event, that doesn't justify a downward variance in the light of the circumstances. I'm sorry, Your Honor. I see I'm over time. May I finish answering Your Honor's and Judge Gibney's question? I think my question is adequately answered. Thank you. Well, thank you, Your Honor. If this court has no further questions, I'm here. Do you have anything further, Judge Montague? No, thank you. No, thank you. Then I'll sit down. Let's hear from you in rebuttal, Mr. Burgess. Yes. Let me go back first to the issue. My friend said that it was a child molestation case. Could you get up close to the microphone, please? My pardon. A child molestation case is defined in 414D2. And, indeed, it goes through and it says child molestation is a crime under federal law involving any conduct under Chapter 109 and committed with a child. And then it does say any conduct prohibited by Chapter 110, and it doesn't add with the child. And my friend mentioned that, but the reason it doesn't say that is because Chapter 110 is entitled sexual exploitation and other abuse of children. So it's built in. This 14-year-old definition is built into that. So we jump next to C. It says, again, child, D, with a child, E, with a child. So the case against A.P. absolutely was not a child molestation case because he was not under the age of 14. But yet evidence came in this case, and it said, hey, you can use this to decide he did it. Evidence came in in this case as to him. And, indeed, it doesn't mention, as I said in there, the conduct prohibited by 18 U.S.C. Chapter 110, but that's because you don't need to because that's a built-in part of that chapter. Now, if I may go back to my first argument that I mentioned, which is de novo review, because there was an objection to the application of the two-level offense increase. There was an objection to that. So this is de novo, and what that means is this is a case of statutory construction. And if you construe this sexual contact definition so that it's going to automatically increase by two the base offense level, which the guideline says it's supposed to be 32, that's absurd. And you would have the same result with sexual intercourse because sexual intercourse involves sexual contact. And that's an important issue that I asked the court to clarify for the district courts so that this doesn't happen again because I just don't see how you get around the fact that if you automatically jack it up by two based upon what it was that your crime that has a base offense level was, that that's just not right. I mean, how am I wrong about that? I can't see a way around that. I mean, maybe it's just sitting there hiding in plain sight. You know, it's so obvious that it hasn't been brought up. I looked in the other cases that have had this issue, and no one's made that argument. But if we have a system where we do things like that, you take the base offense level of 32 and just jack it up to 34 automatically. I understand in Skinner, there was a reason, I think, in Skinner that the court avoided the issue of deciding this or deciding this issue because it was easy. You had the defendant masturbating. And in that case, that constituted the sexual contact. But we don't have that here. All right. Counsel, is that it? That would be it. And you should have more questions. Judge Mats, do you have any further questions? No, thank you. None, thank you. All right. We thank you. And I see Mr. Burgess, that you're court appointed. And I want to express the appreciation of the court for your efforts. And we thank you very much for them. We will take a brief recess. And at that point, we will reconstitute the panel and come back for our last case shortly.
judges: J. Harvie Wilkinson III, Diana Gribbon Motz, John A. Gibney Jr.